# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **NEW YORK LIFE INSURANCE COMPANY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Case No. 5:19-cv-00910-LCB |
| **SEAN SUTTON,** *et al.*, | )<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's amended motion for default judgment, dismissal of stakeholder Plaintiff, and other relief. (Doc. 65).

## I.    FACTS

On June 12, 2019, Plaintiff New York Life Insurance Company filed this interpleader action pursuant to 28 U.S.C. § 1335 to determine which Defendants are entitled to the proceeds of a life insurance policy that Plaintiff issued to Emma Sutton. (Doc. 1). Defendants Michael Graham, Pecola Jackson, Jacqueline Leonard, Victor Graham, Cynthia Graham, and Joel Graham filed answers and claims to the life insurance proceeds. (Docs. 14, 27-31).[1]  Defendants Paul Graham and Eric Graham never filed answers or claims to the insurance proceeds after being served.

---

[1] Sean Sutton also filed an answer (Doc. 42), which will be taken up at a different time.

(Docs. 8 and 21). On October 28, 2019, Plaintiff filed a motion for entry of default against Paul Graham, which the Clerk of Court entered the same day. (Docs. 32-33). On August 20, 2024, Plaintiff filed an amended motion for default judgment against both Paul Graham and Eric Graham. (Doc. 65).

## II.  DISCUSSION

Obtaining a default judgment is a two-step process: the entry of default by the clerk and the subsequent entry of a default judgment by either the clerk or the court. Fed. R. Civ. P. 55. An entry of default and subsequent entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *Id.* at 55(a). When an interpleader defendant has defaulted because he did not file an answer and claim to the property, the remaining defendants are entitled to the property. *See McNamara v. Provident Sav. Life Assur. Soc. of N.Y.*, 114 F. 910, 912 (5th Cir. 1902).

In this case, Plaintiff has not sought an entry of default against Eric Graham. Thus, Plaintiff's motion as to Eric Graham is **DENIED**. However, the Clerk of Court made an entry of default against Paul Graham because he did not file an answer or a claim to the life insurance proceeds. Accordingly, Plaintiff's motion as to Paul Graham is **GRANTED**.

## III. CONCLUSION

For the aforementioned reasons, Plaintiff's amended default judgment motion (Doc. 65) is **DENIED** as to Eric Graham and **GRANTED** as to Paul Graham. It is hereby **ORDERED** that a default judgment be entered against Paul Graham, and Paul Graham is enjoined from instituting any action against Plaintiff seeking payment of the life insurance proceeds and/or otherwise in connection with the life insurance policy referenced in the complaint. Furthermore, Plaintiff's original motion for default judgment (Doc. 62) is **MOOT**.

**DONE** and **ORDERED** this September 9, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE